# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CASEY MCCREADY,<br>Plaintiff,<br>v.<br>WALTER WALL, et al.,<br>Defendants. | Case No. 1:26-cv-00285-JLT-SAB<br>ORDER SCREENING COMPLAINT AND GRANTING LEAVE TO FILE AMENDED COMPLAINT<br>(ECF No. 1)<br>**THIRTY-DAY DEADLINE** |

Plaintiff Casey McCready, a state prisoner proceeding *pro se* and *in forma pauperis*, filed this civil rights complaint under 42 U.S.C. § 1983 against Mariposa District Attorneys Walter Wall and Michael McAfee; Probation Officers Virgil Campbell and Constance Peirce; Mariposa Sheriff's Department Officers Anthony Yanni and Timothy Lemmons; and California Highway Patrol Officer Dawn Hoff (collectively "Defendants"), in both their official and personal capacities. (ECF No. 1, pp. 1-3.) The Court now undertakes screening of the complaint.

## I.

## SCREENING REQUIREMENT

The *in forma pauperis* statute provides that a court shall dismiss a case if the complaint "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). In determining whether a complaint fails to state a claim, a court uses the same

pleading standard used under Federal Rule of Civil Procedure 8(a). A complaint need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)).

To survive screening, a plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009). The "sheer possibility that a defendant has acted unlawfully" is not sufficient, and "facts that are 'merely consistent with' a defendant's liability" falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

Leave to amend may be granted to the extent that the deficiencies of the complaint can be cured by amendment. Cato v. U.S., 70 F.3d 1103, 1106 (9th Cir. 1995).

## II.

## COMPLAINT ALLEGATIONS

Plaintiff brings this action against Defendants under federal question jurisdiction. (ECF No. 1.) Plaintiff alleges that in October of 2023, Probation Officer Virgil Campbell entered a false report that named California Trooper Dawn Hoff, and Sheriff's Deputies Anthony Yanni and Timothy Lemmons. (Id. at p. 4.) Plaintiff further alleges that District Attorneys Michael McAfee and/or Walter Wall falsified, fabricated, and allowed the false report to be filed, and withheld exculpatory evidence related to Deputy Yanni, thereby creating a Brady violation. (Id.) Plaintiff contends that these actions, coupled with the report, were undertaken with "forthought, intent, and knowledge. . . [i]n a attempt to deceive the Court and the defence." (Id.) (sic). As a result, Plaintiff alleges that Defendants violated his rights under the Fifth, Sixth, and Fourteenth Amendments by creating a false narrative and withholding Brady material related to Deputy Yanni. (Id.)

For relief, Plaintiff requests that the Court set a date for a jury trial, order service on all Defendants, and award damages in the amount of $4,000,000. (Id. at p. 5.)

## III.

## DISCUSSION

### A. Federal Rule of Civil Procedure 8

The Court finds that Plaintiff has failed to meet the pleading standards of Rule 8 of the Federal Rules of Civil Procedure. Plaintiff's allegations are largely conclusory and consist of unsupported assertions rather than explaining to the Court of what happened. For example, Plaintiff asserts that a report was false and/or fabricated and that Defendants withheld exculpatory evidence. However, Plaintiff does not identify that report at issue, explain how it was false or fabricated, or describe how any defendant participated in its creation or use. Similarly, Plaintiff does not identify the exculpatory evidence allegedly withheld, which Defendant withheld it, or how the withholding of that evidence prejudiced him. Plaintiff must provide sufficient factual detail to identify what each Defendant did and how that conduct violated his constitutional rights.

Although Federal Rule of Civil Procedure 8(a) requires only a short and plain statement of the claim, the claims nevertheless need to be facially plausible. The Court finds that such adequate factual allegations are absent in the complaint to support any claim, and therefore the complaint fails to state a claim for which relief may be granted.

### B. Legal Standards: Section 1983 Claims

Notwithstanding the conclusion above, the Court will provide Plaintiff with the relevant legal standards in bringing his claims under 42 U.S.C. § 1983.

Section 1983 is a legal mechanism through which a plaintiff may bring a cause of action for the violation of a constitutional or other federal rights caused by persons acting under color of state law. Long v. Cnty. of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). To state a claim under Section 1983, a plaintiff is required to allege that (1) each defendant acted under color of state law and (2) each defendant deprived him or her of rights secured by the federal constitution or federal law. Benavidez v.

Cnty. of San Diego, 993 F.3d 1134, 1144 (9th Cir. 2021) (citing Long, 442 F.3d at 1185; West v. Atkins, 487 U.S. 42, 48 (1988)). There is no *respondeat superior* liability under Section 1983, and therefore, each defendant is only liable for his or her own misconduct. Iqbal, 556 U.S. at 677. Generally, each defendant must have personally participated in the deprivation of the plaintiff's rights. Jones, 297 F.3d at 934. Thus, a plaintiff must link each named defendant with some affirmative act or omission that demonstrates a violation of his federal rights.

1. Sixth Amendment

Plaintiff generally alleges that Defendants violated his Sixth Amendment by creating a false narrative and "withholding Deputy Yanni Brady violations." The Sixth Amendment states:

> In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel of his defense.

U.S. Const. amend. VI. Plaintiff does not identify which specific Sixth Amendment right Defendants allegedly violated or allege facts demonstrating how their conduct implicates any such right. To the extent Plaintiff's allegations concern the fabrication of evidence or suppression of exculpatory evidence, those claims arise under the Due Process Clause of the Fourteenth Amendment, not the Sixth Amendment.

2. Fourteenth Amendment

Plaintiff alleges that Defendants violated his Fourteenth Amendment rights by creating a false narrative and withholding evidence, thereby giving rise to a Brady violation. Specifically, Plaintiff alleges that Probation Officer Virgil Campbell prepared a false report.

The Fourteenth Amendment prohibits the deliberate fabrication of evidence by a state official. Devereaux v. Abbey, 263 F.3d 1070, 1074-75 (9th Cir. 2001). To prevail on a § 1983 claim of deliberate fabrication, "a plaintiff must prove that (1) the defendant official deliberately fabricated evidence, and (2) the deliberate fabrication caused the plaintiff's deprivation of liberty." Spencer v. Peters, 857 F.2d 789, 798 (9th Cir. 2017). "[N]ot all inaccuracies in an

investigative report give rise to a constitutional claim." Id.

The suppression of evidence favorable to an accused violates due process under the Fourteenth Amendment when the evidence is material to guilt or punishment. Brady v. Maryland, 373 U.S. 83, 87 (1963). To state a claim for a Brady violation, the plaintiff must allege that (1) the suppressed evidence was favorable either because it was exculpatory or could be used to impeach; (2) the government willfully or inadvertently suppressed the evidence; and (3) prejudice resulted. Strickler v. Greene, 527 U.S. 263, 282 (1999). "[T]he nondisclosure [must be] so serious that there is a reasonable probability that the suppressed evidence would have produced a different verdict." Id. at 281.

**C. Fifth Amendment**

Plaintiff generally alleges a violation of his Fifth Amendment rights. However, the Fifth Amendment applies only to the federal government. See Johnston v. Earle, 245 F.2d 793, 796 n.5 (9th Cir. 1957) ("[T]he Fifth Amendment applies only to acts of the federal government is settled beyond doubt"); Bingue v. Prunchak, 512 F.3d 1169, 1174 (9th Cir. 2008) ("[T]he Fifth Amendment's due process clause only applies to the federal government."). Since all Defendants in this action are either state or municipal employees, the Fifth Amendment does not apply. Therefore, Plaintiff cannot maintain a Fifth Amendment claim against Defendants.

**D. Eleventh Amendment**

Plaintiff names California Highway Patrol Officer Dawn Hoff and Mariposa District Attorneys Walter Wall and Michael McAfee in his complaint.

The Eleventh Amendment bars claims for damages against a State and its agencies unless the State has waived its sovereign immunity or Congress has validly abrogated it. Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989). A suit against a state official in his or her official capacity is treated as a suit against the State and is therefore generally barred by the Eleventh Amendment. Id. at 71. The State of California has not waived its Eleventh Amendment immunity with respect to claims brought under 42 U.S.C. § 1983 in federal court. Dittman v. California, 191 F.3d 1020, 1025-26 (9th Cir. 1999).

Because the State of California has not consented and California Highway Patrol is a

state agency, Defendant Hoff is immune from Plaintiff's official capacity claims for monetary damages. See O'Leary v. California Highway Patrol, 932 F.2d 862 (9th Cir. 1991) ("Because the CHP is a state agency . . . and the State of California has not consented to suit . . . both the State and the CHP enjoy sovereign immunity and cannot be sued under section 1983.") Likewise, Plaintiff's official capacity claims against District Attorneys Wall and McAfee are treated as claims against the state. See Weiner v. San Diego Cnty., 210 F.3d 1025, 1030-31 (9th Cir. 2000) (holding that under California law, a county district attorney acts as a state official when deciding whether to prosecute an individual). Thus, Plaintiff may not pursue claims against District Attorneys Wall and McAfee in their official capacities.

**E. Prosecutorial Immunity**

Plaintiff states that District Attorney Michael McAfee and/or Walter Wall falsified, fabricated and allowed the report created by Probation Officer Virgil Campbell to be filed, and that they withheld exculpatory evidence related to Deputy Yanni, thereby creating a Brady violation. As explained below, this claim is unavailable under prosecutorial immunity.

Prosecutorial immunity protects eligible government officials who perform functions "intimately associated with the judicial phase of the criminal process." Imbler v. Pachtman, 424 U.S. 409, 430 (1976). "A prosecutor is protected by absolute immunity from liability for damages under § 1983 'when performing the traditional functions of an advocate.'" Genzler v. Longanbach, 410 F.3d 630, 636 (9th Cir. 2005) (quoting Kalina v. Fletcher, 522 U.S. 118, 131 (1997)). Absolute immunity applies even if it "leave[s] the genuinely wronged defendant without civil redress against a prosecutor whose malicious or dishonest action deprives him of liberty." Id. at 637 (quoting Imbler, 424 U.S. at 432). The immunity extends to all "acts undertaken by a prosector in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his role as an advocate for the State." Buckley v. Fitzsimmons, 509 U.S. 259, 273 (1993). The Supreme Court has expressly held that prosectors are absolutely immune from civil suit under § 1983 for alleged Brady violations. Imbler, 424 U.S. at 431-32 n.34.

/ / /

## IV.

## CONCLUSION AND ORDER

Based on the foregoing, Plaintiff's complaint fails to state a cognizable claim for relief. The Court will grant Plaintiff an opportunity to amend the complaint to cure the above identified deficiencies to the extent Plaintiff is able to do so in good faith. See Lopez v. Smith, 203 F.3d 1122, 1127 (9th Cir. 2000).

If Plaintiff chooses to file an amended complaint, it must comply with Rule 8 of the Federal Rules of Civil Procedure. Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . . ." Twombly, 550 U.S. at 555 (citations omitted). Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his amended complaint.

Plaintiff is advised that the Court cannot refer to a prior pleading in order to make Plaintiff's amended complaint complete. Local Rule 220 requires that an amended complaint be complete in itself without reference to any prior pleading. This requirement exists because, as a general rule, an amended complaint supersedes the original complaint. See Ramirez v. County of San Bernardino, 806 F.3d 1002, 1008 (9th Cir. 2015).

Based on the foregoing, IT IS HEREBY ORDERED that:

1. The Clerk of the Court is DIRECTED to send Plaintiff a civil rights complaint form;
2. Within **thirty (30) days** from the date of service of this order, Plaintiff shall file an amended complaint curing the deficiencies identified by the Court in this order;
3. The amended complaint, including attachments, shall not exceed twenty-five (25) pages in length; and

/ / /

/ / /

/ / /

/ / /

4. If Plaintiff fails to file an amended complaint in compliance with this order, the Court will recommend to a district judge that this action be dismissed consistent with the reasons stated in this order.

IT IS SO ORDERED.

Dated: **November 9, 2026**

STANLEY A. BOONE
United States Magistrate Judge